IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORA LAVERY-PETRASH, | ) | 2:11-cv-1520-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |
| SIERRA NEVADA MEMORIAL HOSPITAL; JAMES (JIM) HEARD; DAVID WITTHAUS; ARTHUR DEWSEN; ANNALISE O'CONNOR, | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants moves for dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), and in the alterative for a more definite statement of Plaintiff's intentional tort claim under Rule 12(e). (ECF No. 9.) Plaintiff Nora Lavery-Petrash ("Lavery-Petrash") filed an opposition brief. (ECF No. 13.)

Lavery-Petrash sues Defendants Catholic Healthcare West (argued by Defendants to have been erroneously sued as Sierra Nevada Memorial Hospital), James Heard, David Witthaus, Arthur Dewson and Annalise O'Connor, alleging the following claims in her Complaint: (1) "Employment Discrimination"; (2) "Intentional Tort"; (3) "General Negligence"; and (4) "Intentional Infliction of Emotional Distress" ("IIED"). This is an employment discrimination case in which Lavery-Petrash alleges sex and age discrimination claims, and that she was subjected to a hostile work environment, and to retaliation.

1

For the reasons stated below, Defendants' motion to dismiss is granted in part and denied in part. Since Defendants' motion to dismiss Lavery-Petrash's intentional tort claim is granted, Defendants' motion for a more definite statement of this claim need not be addressed.

## I. LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate only where the complaint either 1) lacks a cognizable legal theory, or 2) lacks factual allegations sufficient to support a cognizable legal theory. Balistreri v. Pac. Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To avoid dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).

In deciding a Rule 12(b)(6) dismissal motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

///

## II. ALLEGATIONS IN COMPLAINT

Lavery-Petrash alleges in a conclusory manner that each Defendant discriminated against her based on her sex and age by "treating [her] differently from that of male employees and younger female employees, in retaliation for Plaintiff's involvement as a union steward, and [because] Plaintiff[] fil[ed] . . . grievances to Defendants for their discriminatory treatment of her." (Compl. p.6.)

Further, Lavery-Petrash alleges in her Complaint: she was "required to continue working with a co-worker [after she] . . . report[ed] his harassment of her (yelling and screaming); [b]eing threatened [with] insubordination, and then written up in July, 2009, for 'spreading malicious gossip'[;]" she was given her "first negative performance evaluation in seven years;" she received a written warning for failure to use a laboratory machine when none of the other employees who experienced the same problem received such a warning; she received a second "negative performance evaluation;" and she was denied "the opportunity to interview for [a] new position" as a supervisor even though she "applied and believed [she was] qualified[.]" Id. p.10. Lavery-Petrash further alleges "Defendants' intent, by reason of the ongoing harassment and refusal to take any action to relieve Plaintiff of same, was to pressure her to resign from her position of employment." Id.

## III. DISCUSSION

### A. Title VII/Age Discrimination/FEHA Claims

#### 1. Individual capacity claims

Defendants argue that since "individuals cannot be held liable for discrimination under either Title VII or the FEHA, Plaintiff's

claims against Defendants Heard, Witthaus, Dewson and O'Connor should be dismissed without leave to amend." (Mot. 6:7-9.)

Lavery-Petrash's Title VII and federal age discrimination claims against each individual defendant are dismissed since there is no personal liability for employees, including supervisors, under these statutes. <u>Miller v. Maxwell's Intern. Inc.</u>, 991 F.2d 583, 587-88 (9th Cir.1993)("This circuit . . . protect[s] supervising employees from liability in their individual capacities" from Title VII and ADEA claims). Further, Lavery-Petrash's Fair Employment and Housing Act ("FEHA") claim against each individual defendant is dismissed since "individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts." <u>Reno v. Baird</u>, 18 Cal. 4th 640, 663 (1998). This dismissal is with prejudice since it is clear "any amendment would be futile, [and] there [is] no need to prolong the litigation by permitting further amendment." <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir. 2002).

### 2. Exhaustion of Administrative Remedies

Defendants also argue even though "Plaintiff generally pleads that she filed a timely charge of sex and age discrimination with the Equal Employment Opportunity Commission and received a right to sue 'in a state court pursuant to the provisions of the California Fair Employment and Housing Act and Title VII' and attaches this alleged right to sue letter to her complaint as Exhibit 'A'", this exhibit "does not constitute a right to sue letter under Title VII"; and therefore, "Plaintiff's pleadings fail to establish that she exhausted her administrative remedies under Title VII." (Mot. 4:22-27, 5:4-5.) Defendants further argue that "a charge must be filed with the EEOC office within 180 days of the alleged violation, and a Title VII suit

cannot proceed where a filing is untimely[,]" and "Plaintiff fails to plead when she filed her complaint with the EEOC[.]" Id. 5:7-13.

Lavery-Petrash alleges she "filed a timely charge of sex discrimination with the Equal Employment Opportunity Commission [("EEOC")] and received a notice dated March 4, 2010, of the right to sue in state court[.]" (Compl. p.6.) Attached to Lavery-Petrash's Complaint is a copy of a right-to-sue letter issued by the California Department of Fair Employment and Housing. Id. Ex. A. Lavery-Petrash attached to her opposition brief her EEOC Intake Questionnaire, dated February 13, 2012, and her Charge of Discrimination, filed with the EEOC on March 4, 2012. Id. Ex. A. Defendants respond, arguing that "[b]ased on Plaintiff's own evidence, the face of her Charge of Discrimination indicates that her complaint was not timely filed with the EEOC." (Reply 4:23-24.)

However, Defendants have not shown that the letter Plaintiff received from the California Department of Fair Employment and Housing is insufficient satisfaction of her EEOC claim filing requirement. Where "a plaintiff is entitled to receive a right-to-sue letter from the EEOC, a plaintiff may proceed absent such a letter, provided she has received a right-to-sue letter from the appropriate state agency." Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1105 (9th Cir. 2008). Further, since Plaintiff's EEOC charge alleges a continuing violation, Defendants have not shown that Plaintiff's EEOC charge was untimely. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 118 (2002) ("In order for the [hostile work environment] charge to be timely, the employee need only file a charge within 180 . . . days of any act that is part of the hostile work environment."). Therefore, this portion of Defendants' motion is denied.

### 3. Harassment Claim for Hostile Work Environment

Defendants argue Lavery-Petrash fails to state a claim for harassment since she "failed to plead that she was subjected to harassment based on a particular characteristic[,] . . . that anyone engaged in conduct [related to] . . . . her protected characteristic[,]" or "any facts that establish she was subjected to prohibited harassment by any of the individual Defendants." (Mot. 8:14-17, 24-25.) Lavery-Petrash responds:

> Plaintiff argues that the personnel actions to which she was subjected by the Defendants were not common, but personal to her. For example, in her complaint to the EEOC Plaintiff stated that Defendant Arthus Dewson had told her to quit and get another job. When Plaintiff questioned said defendant why he was harassing her, his response was "because I can". Further, after attending a meeting as a union steward on behalf of a co-worker, Defendant David Witthaus threatened Plaintiff of insubordination unless she answered his question about alleged inappropriate behavior of another employee. Her refusal to respond to the threat resulted in a negative performance evaluation not at all related to her job duties - the first in her seven years of employment with Sierra Nevada Memorial Hospital.

(Opp'n 3:26-4:7.)

"To prevail on a hostile workplace claim premised on . . . sex, a plaintiff must show: (1) that [s]he was subjected to verbal or physical conduct of a . . . sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." Vasquez v. Cnty. of L.A., 349 F.3d 634, 642 (9th Cir. 2003). "California courts have adopted the same standard in evaluating claims under the FEHA." Aguilar v. Avis Rent A Car System, Inc., 21 Cal. 4th 121, 130 (1999).

///

1   Lavery-Petrash's factual allegations do not plausibly suggest
2   a claim for a hostile work environment since what is alleged is not
3   "sufficiently severe or pervasive to alter the conditions of the
4   plaintiff's employment and create an abusive work environment." <u>Vasquez</u>,
5   349 F.3d at 642. Therefore, Lavery-Petrash's hostile work environment
6   claim is dismissed.

7   **4. Retaliation Claim**

8   Defendants seek dismissal of Lavery-Petrash's retaliation
9   claim arguing Lavery-Petrash's allegations are "insufficient to
10  establish that Plaintiff engaged in any conduct protected under either
11  Title VII or the FEHA[.]" (Mot. 10:4-5.) Lavery-Petrash does not respond
12  to this argument in her opposition brief.

13  To allege a prima facie case of retaliation under Title VII,
14  a plaintiff must allege facts sufficient to show: "(1) involvement in a
15  protected activity; (2) an adverse employment action; and (3) a causal
16  link between the two." <u>Brooks v. City of San Mateo</u>, 229 F.3d 917, 928
17  (9th Cir. 2000). Under FEHA: "Employees may establish a prima facie case
18  of unlawful retaliation by showing that (1) they engaged in activities
19  protected by the FEHA, (2) their employers subsequently took adverse
20  employment action against them, and (3) there was a causal connection
21  between the protected activity and the adverse employment action."
22  <u>Miller v. Dep't of Corr.</u>, 36 Cal. 4th 446, 472 (2005).

23  Lavery-Petrash alleges "Defendants have discriminated against
24  [her] on the basis of sex and age . . . in retaliation for [her]
25  involvement as a union steward, and in retaliation for [her] filing of
26  grievances to Defendants for their discriminatory treatment of her."
27  (Compl. p.6.) However, Lavery-Petrash's factual allegations in her
28  Complaint are not "plausibly suggestive of a [retaliation] claim

entitling [her] to relief." <u>Moss</u>, 572 F.3d at 969. Therefore, Lavery-Petrash's retaliation claim is dismissed.

### B. Intentional Tort Claim

Defendant seeks dismissal of Lavery-Petrash's intentional tort claim, arguing Lavery-Petrash's intentional tort claim is "vague, ambiguous, and unintelligible" since "[a]n 'intentional tort' is a category of causes of action that involve intentional acts[,] rather than a cause of action in and of itself." (Mot. 7:1, 6:20-22.) Defendants argues "[t]his label fails to identify what 'legal theory' [Lavery-Petrash] is suing under or whether the claim is one for violation of a federal statute, state statute or common law." <u>Id.</u> 6:23-24.

Lavery-Petrash's intentional tort claim lacks "a cognizable legal theory." <u>Balistreri</u>, 901 F.2d at 699. Since it is unclear what claim Lavery-Petrash is alleging in her intentional tort claim, this claim is dismissed.

### C. Negligence Claim

Defendants seek dismissal of Lavery-Petrash's negligence claim arguing that "a special duty of care does not exist in an employment relationship[.]" (Mot. 12:17.) Defendants also argue Lavery-Petrash alleges intentional acts and "[s]uch willful acts are inconsistent with an allegation of negligence." <u>Id.</u> 11:18-19. Defendants further argue that "Plaintiff fails to allege any facts to support her negligence claim against the individual Defendants." <u>Id.</u> 12:3-4. Lavery-Petrash failed to respond to Defendants' arguments in her opposition.

In her negligence claim, Lavery-Petrash re-alleges the intentional conduct which forms the basis of her other claims, and further alleges:

1    Defendants had a duty to act to protect Plaintiff
     from harassment. Plaintiff brought the acts of
2    harassment to the attention of her superiors, as
     well as Human Resources, on many occasions.
3    Defendants were negligent in not exercising due
     care to prevent the harassment. They knew, or
4    should have known, that such failure to exercise
     due care would result in harm to Plaintiff.
5

6    (Compl. p.11.)

7              In the employment context, a claim for negligence
               requires the existence of a legal duty of care by
8              an employer to an employee, a breach of that claim,
               proximate causation of plaintiff's damages, and
9              damages. A negligence claim thus rests on the
               breaching of a duty where the defendant knows or
10             should know of facts which would warn of
               wrongdoing, and fails to [warn of wrongdoing]. If
11             plaintiff alleges that [the named individuals] had
               such a duty and that they breached that duty to
12             warn of wrongdoing, [she] also cannot allege that
               these [individual] defendants committed the
13             wrongdoing which, in this case, are the
               discriminatory acts. It simply makes no logical or
14             factual sense.

15   <u>Scott v. Solano Cnty. Health and Soc. Servs. Dep't</u>, 459 F. Supp. 2d 959,

16   972 (E.D. Cal. 2006) (internal citation omitted).

17             Since Lavery-Petrash alleges Witthaus, Dewson, and O'Connor

18   acted intentionally, her negligence claim against them is dismissed.

19   Further, Lavery-Petrash's negligence claim against Heard is dismissed

20   since she has not alleged any facts related to Heard. Additionally,

21   since Lavery-Petrash has failed to allege a harassment claim, she cannot

22   allege a claim for negligence, based on her employer's alleged failure

23   to protect her from harassment. Therefore, Lavery-Petrash's negligence

24   claim against her employer is also dismissed.

25   **D. Intentional Infliction of Emotional Distress Claim**

26             Defendants argue Lavery-Petrash has failed to plead an IIED

27   claim since what is alleged are "examples of petty behavior that amount

28   to no more than threats, annoyances, or other trivial conduct . . . that

9

cannot form the basis of an IIED claim." (Mot. 13:12-17.) Defendants also argue that the "personnel actions that Defendants took against" Lavery-Petrash are insufficient to state an IIED claim since "a simple pleading of personnel management activity is insufficient to support a claim of [IIED], even if improper motive is alleged." Id. 13:18-25. Lavery-Petrash does not address these arguments in her opposition brief.

"Under California law, to make out a cause of action for intentional infliction of emotional distress, a plaintiff must show, in relevant part, that the defendant engaged in extreme and outrageous conduct that exceeded the bounds of what is generally tolerated in a civilized society." Braunling v. Countrywide Home Loans, Inc., 220 F.3d 1154, 1158 (9th Cir. 2000) (citation omitted). Lavery-Petrash alleges the employment discrimination she experienced and the hostile work environment created by Defendants "was extreme and outrageous and an abuse of the authority and position of defendants[.]" (Compl. p.12.) However, Lavery-Petrash's allegations of harassment with the intent to cause her to resign her position do not allege a plausible IIED claim. See Walker v. Boeing Corp., 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002) (citing Janken v. GM Hughes Elec., 46 Cal. App. 4th 55, 80 (1996)) ("[t]erminating an employee for improper or discriminatory reasons . . . is insufficiently extreme or outrageous to give rise to a claim for intentional infliction of emotional distress."); see also Metoyer v. Chassman, 248 Fed. Appx. 832, 835 (9th Cir. 2007) (stating Plaintiff's "allegations that she was improperly terminated [for discriminatory and retaliatory reasons] simply do not make out a claim of intentional infliction of emotional distress"). Therefore, Lavery-Petrash's IIED claim is dismissed.

///

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Lavery-Petrash's Complaint is granted in part and denied in part. Lavery-Petrash is granted ten (10) days from the date on which this order is filed to file a First Amended Complaint in which she addresses the deficiencies in any claim not dismissed with prejudice. Further, Lavery-Petrash is notified that this action may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if she fails to file an amended Complaint within the prescribed time period.

Dated:  December 12, 2011

GARLAND E. BURRELL, JR.
United States District Judge