IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORA LAVERY-PETRASH,                    )
                                        )    2:11-cv-01520-GEB-DAD
            Plaintiff,                  )
                                        )
      v.                                )    ORDER GRANTING IN PART AND
                                        )    DENYING IN PART DEFENDANTS'
SIERRA NEVADA MEMORIAL HOSPITAL,        )    DISMISSAL MOTION
JAMES (JIM) HEARD, DAVID                )
WITTHAUS, ARTHUR DEWSEN, and            )
ANNALISE O'CONNOR,                      )
                                        )
            Defendants.                 )
_____ )

          Defendants  David  Witthaus  ("Witthaus"),  Arthur  Dewsen

("Dewsen"), Annalise O'Connor ("O'Connor"), and James Heard ("Heard")

(collectively  referred  to  as  "individual  Defendants"),  and  Dignity

Health  ("Dignity  Health")[1]  each  move  under  Federal  Rule  of  Civil

Procedure  ("Rule")  12(b)(6)  for  dismissal  of  Plaintiff's  harassment,

retaliation,  negligence,  and  intentional  infliction  of  emotional

distress  ("IIED")  claims;  or,  in  the  alternative,  for  a  more  definite

statement of these claims under Rule 12(e). The motions challenge the

sufficiency  of  Plaintiff's  second,  third  and  fourth  claims  in

Plaintiff's  First  Amended  Complaint  ("FAC").  Plaintiff  Nora  Lavery-

Petrash ("Plaintiff") opposes the motions.

//

---

[1]      Dignity Health argues it was formerly known as and is referred
to in Defendants' dismissal motion as Catholic Healthcare West, and was
erroneously sued as Sierra Nevada Memorial Hospital.

# I. LEGAL STANDARDS

## A. Rule 12(b)(6)

Decision on Defendants' Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation and internal quotation marks omitted); see also Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

## B. Rule 12(e)

"A [Rule] 12(e) motion is proper only where the complaint is so vague or ambiguous that the opposing party cannot respond . . . ." Doyle v. Ill. Cent. R.R. Co., No. CV F 08-0971, 2009 WL 224895, at *2

1  (E.D. Cal. Jan. 29, 2009) (internal quotation marks and citation

2  omitted). "A court will deny the motion where the complaint is specific

3  enough to apprise the defendant of the substance of the claim being

4  asserted." Id. (internal quotation marks and citation omitted).

5  ### III. PLAINTIFF'S ALLEGATIONS

6  Plaintiff alleges in the FAC that Defendants "discriminated

7  against [her] on the basis of [her] sex and age" during her employment

8  with the Sierra Nevada Memorial Hospital in Grass Valley, California,

9  "from June 24, 2009[.]" (First Amended Compl. ("FAC") ¶¶ 4 & 7.) The

10 following comprise the crux of Plaintiff's allegations:

11   Plaintiff [was] forced to continue to work with co-
     worker [Dewsen] after . . . reporting . . . his
12   constant and ongoing harassment of her (yelling,
     screaming, threatening), despite her request to
13   work with another technician (Mike Olson) in
     another area of the laboratory when [Dewsen] was
14   working the same shift as Plaintiff. . . . When
     Plaintiff was forced to work with [Dewsen],
15   approximately 90 [percent] of her 40 hour work
     week, . . . [Dewsen] would physically hover over
16   her, refuse to assist her if he believed she
     need[ed] assistance, and then commence to scream,
17   yell and threaten her. . . . Co-worker Mike Olson
     opined to Plaintiff that [Dewsen] "treats women
18   differently." Plaintiff observed that [Dewsen]
     harassed her (age 58 . . .) and co-worker Constance
19   Goodwin (. . . approximate age 50), but not co-
     worker Patricia Daniel (approximate age 40
20   . . .)[.]

21 (FAC ¶ 18(a).)

22 Plaintiff also alleges she "was threatened [with]

23 insubordination by her supervisor, [Witthaus], and then written up in

24 July[] 2009[] by [Witthaus] for 'spreading malicious gossip,' based on

25 a meeting where Plaintiff was present in her capacity . . . as union

26 steward on behalf of another employee (male)[.]" (FAC ¶ 8.) Plaintiff

27 alleges this "write-up" was referenced in her May 2010 performance

28 evaluation, which was her "first negative performance evaluation in

seven years of employment." (FAC ¶ 9.) Plaintiff also alleges she received a written warning in July 2010 after other employees reported to Witthaus and O'Connor (Dignity Health's human resources director), that Plaintiff was not using certain laboratory equipment. (FAC ¶ 18(b).) Plaintiff alleges Witthaus notified her "in mid-September[] 2010 . . . that she was subject to a 90 day performance re-evaluation[,] . . . [which] resulted in another negative performance evaluation." (FAC ¶ 18(c)-(d).)

Plaintiff further alleges she "brought the acts of harassment and retaliation to the attention of her supervisors, as well as Human Resources, on many occasions." (FAC ¶ 22.) Plaintiff alleges "Defendants' intent, by reason of the harassment and refusal to take any action to relieve Plaintiff of [harassment], was to pressure her to resign from her position of employment." (FAC ¶ 19.)

The dismissal motion challenges the following three claims: Plaintiff's second claim, in which she alleges Defendants harassed and retaliated against her based on her sex and age; Plaintiff's third claim, in which she alleges that Defendants negligently caused her damages by breaching their duty to protect her from harassment; and Plaintiff's fourth claim, in which she alleges an IIED claim against each Defendant.

**IV. DISCUSSION**

**A. Harassment Claims for Hostile Work Environment and Retaliation Claims**

Defendants argue Plaintiff "fails to allege a statutory basis for her [harassment and retaliation claims,]" and "even if the Court interprets the retaliation and harassment claims to be asserted under [California's Fair Employment and Housing Act ("FEHA")] and Title VII [of the Civil Rights Act of 1964 ("Title VII")], Plaintiff has failed to

properly plead such claims." (Defs.' Mot. to Dismiss ("Mot.") 4:13-18.) Plaintiff does not state a statutory basis for her harassment and retaliation claims in her FAC or in her opposition brief. However, Plaintiff cites case law interpreting FEHA and Title VII in her opposition brief in support of her arguments that her harassment and retaliation claims are sufficiently pled. (Pl.'s Opp'n ("Opp'n") 2:8-4:2.) Therefore, Plaintiff's harassment and retaliation claims are considered to have been alleged under FEHA and Title VII.

### 1. Harassment Claims for Hostile Work Environment

"[A]n employee claiming harassment based upon a hostile work environment [under FEHA or Title VII] must demonstrate that . . . she was subjected to . . . conduct[] or comments that were (1) unwelcome; (2) because of sex [and/or age]; and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." Lyle v. Warner Bros. Television Prod., 38 Cal. 4th 264, 278-79 (2006) (internal quotation marks and citations omitted) (noting that the elements for a prima facie claim for harassment under FEHA and Title VII are the same). "[A] workplace may give rise to liability when it is permeated with discriminatory [sex-and/or age-based] intimidation, ridicule, and insult, . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Id. at 279 (internal quotation marks, citation, and alterations in original omitted)). Further, "[t]o establish employer liability [for its employee's harassment] under [a hostile work environment] theory, a plaintiff must establish that . . . she was subjected to a hostile work environment, that the employer knew or should have known of the harassment, and that the employer failed to appropriately remedy the

problem." <u>Lamb v. Household Credit Servs.</u>, 956 F. Supp. 1511, 1515 (N.D. Cal. 1997).

Defendants argue Plaintiff "has . . . failed to plead that she was subjected to harassment based on a particular characteristic, such as age or sex." (Mot. 4:21-22.) Plaintiff counters that "she specifically alleged that [Dewsen] continually harassed her based on her age and sex." (Opp'n 2:4-5.) However, Plaintiff fails to allege facts from which a reasonable inference could be drawn that Dewsen's actions towards her were "because of [her age or] sex[.]" <u>Lyle</u>, 38 Cal. 4th at 279.

Since Plaintiff fails to allege sufficient facts to support her harassment claims against any individual Defendant, these claims are dismissed. Further, Plaintiff's harassment claims against Dignity Health are also dismissed, since those claims are predicated upon the existence of an actionable harassment claim against an individual Defendant.

## 2. Retaliation Claims

The individual Defendants also argue Plaintiff's retaliation claims against them should be dismissed because individual co-workers and supervisors cannot be liable for retaliation under FEHA or Title VII. (Mot. 8:9-17.) Under FEHA and Title VII, "[n]onemployer individuals are not personally liable for their role in . . . retaliation." <u>Jones v. The Lodge at Torrey Pines P'ship</u>, 42 Cal. 4th 1158, 1173 (2008); <u>Miller v. Maxwell's Int'l Inc.</u>, 991 F.2d 583, 587 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII."), <u>cert. denied</u>, 510 U.S. 1109 (1994). Therefore, Plaintiff's FEHA and Title VII retaliation claims against the individual Defendants are dismissed with prejudice, since it is clear that "amendment would be

1  futile[.]" <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir.
2  2002).

3         Further Dignity Health seeks dismissal of Plaintiff's
4  retaliation claims against it, arguing that Plaintiff "fail[s] to allege
5  any facts that establish a causal connection between any alleged
6  grievances she filed and any alleged adverse employment actions." (Mot.
7  8:5-7.) Plaintiff does not respond to this argument in her opposition
8  brief.

9         "In order to establish a prima facie claim of retaliation
10 under FEHA [or Title VII], [P]laintiff[] must prove that [she] engaged
11 in protected activity, [her] employer subjected [her] to adverse
12 employment action, and there was a causal link between the protected
13 activity and the employer's action." <u>Lee v. Eden Med. Cntr.</u>, 690 F.
14 Supp. 2d 1011, 1025 (N.D. Cal. 2010); <u>see Raad v. Fairbanks N. Star</u>
15 <u>Borough Sch. Dist.</u>, 323 F.3d 1185, 1196-97 (9th Cir. 2003) (listing the
16 same elements for a prima facie retaliation claim under Title VII as
17 under FEHA). "Causation sufficient to establish the third element of the
18 prima facie case may be inferred from circumstantial evidence, such as
19 the employer's knowledge that the [P]laintiff engaged in protected
20 activities and the proximity in time between the protected action and
21 the allegedly retaliatory employment decision." <u>Yartzoff v. Thomas</u>, 809
22 F.2d 1371, 1376 (9th Cir. 1987). Here, Plaintiff fails to state
23 sufficient factual allegations from which a reasonable inference could
24 be drawn that her reports about Dewsen's conduct were causally related
25 to the negative performance reviews or written warnings she received.
26 Therefore, Plaintiff's retaliation claims against Dignity Health are
27 dismissed.
28 //

**B. Negligence Claims**

Defendants seek dismissal of Plaintiff's negligence claims, arguing Plaintiff "references . . . alleged harassment as a basis of her negligence claim" but "has failed to properly allege a claim for harassment" against any individual Defendant. (Mot. 10:7-18.) "In the employment context, a claim for negligence requires the existence of a legal duty of care by an employer to an employee, a breach of that [duty], proximate causation of plaintiff's damages, and damages." <u>Scott v. Solano Cnty. Health & Soc. Servs. Dep't</u>, 459 F. Supp. 2d 959, 972 (E.D. Cal. 2006).

Plaintiff alleges in her FAC that her "claim for negligence . . . [is] based on her employer's alleged failure to protect her from harassment." (FAC ¶ 21.) Plaintiff further alleges:

> [D]efendants had a duty to act to protect Plaintiff from harassment and retaliation. Plaintiff brought the acts of harassment and retaliation to the attention of her supervisors, as well as Human Resources, on many occasions. Defendants were negligent in not exercising due care to prevent the harassment and retaliation.

(FAC ¶ 22.) These conclusory allegations are insufficient to allege actionable negligence claims. Therefore, Plaintiff's negligence claims are dismissed.

**C. IIED Claims**

Defendants argue Plaintiff's IIED claims should be dismissed since Plaintiff "failed to allege she was subjected to extreme and outrageous conduct." (Mot. 11:20-21.) "Under California law, to make out a cause of action for [IIED], [Plaintiff] must show, in relevant part, that the [D]efendant[s] engaged in extreme and outrageous conduct that exceeded the bounds of what is generally tolerated in a civilized society." <u>Braunling v. Countrywide Home Loans Inc.</u>, 220 F.3d 1154, 1158

(9th Cir. 2000) (citation omitted). "There is no bright line standard for judging outrageous conduct and its generality hazards a case-by-case appraisal of conduct filtered through the prism of the appraiser's values, sensitivity threshold, and standards of civility. The process evoked by the test appears to be more intuitive than analytical." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998) (internal quotation marks and citations omitted).

    Plaintiff's allegations that Dewsen hovered over her and screamed, yelled, and threatened Plaintiff "90 [percent] of [Plaintiff's] forty hour work week[s]" are sufficient to allege actionable IIED claims against Dewsen and Dignity Health; therefore, this portion of the dismissal motion is denied. See Faurie v. Berkeley Unified Sch. Dist., No. C 08-0060, 2008 WL 820682, at *11 (N.D. Cal. Mar. 26, 2008) (finding allegations demonstrating "an ongoing course of humiliation and harassment" supported a reasonable inference that the defendant's conduct was extreme and outrageous); Cook v. Union Pac. R.R. Co., No. 2:10-CV-03091, 2011 WL 1885687, at *2 (E.D. Cal. May 16, 2011) ("An employer is liable for the willful and malicious torts of its employees committed in the scope of employment.") (quoting John R. v. Oakland Unified Sch. Dist., 48 Cal. 3d 438, 447 (1989)). However, Plaintiff's IIED claims against the other movants lack sufficient factual content to allege actionable claims and are therefore dismissed.

**D. 12(e) Motion**

    Further, Defendants Dewsen and Dignity Health move under Rule 12(e) for a more definite statement of Plaintiff's IIED claims. This portion of the motion is denied since these Defendants have not demonstrated that Plaintiff's IIED claims against them are "so vague or

ambiguous that [they] cannot respond" to them. Doyle, 2009 WL 224895, at *2 (internal quotation marks and citation omitted).

## V. CONCLUSION

For the stated reasons, the dismissal motion is granted in part and denied in part. Defendants Dewsen and Dignity Health's Rule 12(e) motion is denied.

Further, Plaintiff is granted ten (10) days from date on which this order is filed to file a Second Amended Complaint in which she addresses the deficiencies in any claim not dismissed with prejudice.

Dated:  March 26, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge
