IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NORA LAVERY-PETRASH,<br><br>            Plaintiff,<br><br>     v.<br><br>SIERRA NEVADA MEMORIAL HOSPITAL,<br>JAMES (JIM) HEARD, DAVID<br>WITTHAUS, ARTHUR DEWSEN, and<br>ANNALISE O'CONNOR,<br><br>            Defendants.<br>_____ | 2:11-cv-01520-GEB-DAD<br><br><br>ORDER GRANTING DEFENDANTS'<br>DISMISSAL MOTION |

Defendants David Witthaus ("Witthaus"), Arthur Dewsen ("Dewsen"), Annalise O'Connor ("O'Connor"), and James Heard ("Heard") (collectively referred to as "individual Defendants"), and Dignity Health ("Dignity Health," and collectively, "Defendants")[1] each move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of all claims in Plaintiff's Second Amended Complaint ("SAC"). Plaintiff Nora Lavery-Petrash ("Plaintiff") filed an opposition brief.

**I. LEGAL STANDARD**

Decision on Defendants' Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for

---

[1] Dignity Health argues it was formerly known as Catholic Healthcare West, and was erroneously sued as Sierra Nevada Memorial Hospital.

1

relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation and internal quotation marks omitted); see also Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

## II. DISCUSSION

Defendants argue Plaintiff's claims do not contain sufficient factual allegations to alleges actionable claims. Plaintiff's claims concern her employment with Dignity Health. Plaintiff alleges that during her employment, she experienced harassment, a hostile work environment, and retaliation in violation of the California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff also alleges Defendants were negligent in failing to prevent harassment and retaliation.

**A. Harassment Claims for Hostile Work Environment**

Defendants argue Plaintiff fails to allege actionable claims under FEHA and Title VII for harassment and hostile work environment, since she "fail[s] to plead that she was subjected to harassment based on a particular characteristic, such as age or sex." (Defs.' Mot. ("Mot.") 5:17-18.) Plaintiff counters that "[she] has clearly stated . . . she was discriminated [against] and harassed based on gender/age." (Pl.'s Opp'n ("Opp'n") 9:12-13.)

"[A]n employee claiming harassment based upon a hostile work environment [under FEHA or Title VII] must demonstrate that . . . she was subjected to . . . conduct[] or comments that were (1) unwelcome; (2) because of sex [and/or age]; and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." Lyle v. Warner Bros. Television Prod., 38 Cal. 4th 264, 278-79 (2006) (internal quotation marks and citations omitted) (noting that the elements for a harassment claim under FEHA and Title VII are the same). "[A] workplace may give rise to liability when it is permeated with discriminatory [sex- and/or age-based] intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Id. at 279 (internal quotation marks, citation, and alterations in original omitted)).

Plaintiff alleges the following in her SAC concerning her harassment and hostile work environment claims:

> Co-worker Mike Olsen opined to Plaintiff that . . . Dewsen "treats women differently." Plaintiff observed that . . . Dewsen harassed her (age 58, gray hair, small build) and co-worker Constance Goodwin (. . . 250 lbs and approximate age 50), but not co-worker Patricia Daniels (approximate age 40 . . . ). [Goodwin], who worked under the Supervision of . . . Dewsen[,] was subsequently

1
2
3
4
5
6
7
8
9
10
11
12
13
14

>   fired. Prior to [her] termination . . . , [Goodwin] observed the harassment and discrimination of Plaintiff by . . . Dewsen.
>
>   . . . Dewsen dictated restrictions as to the duties allowed to certain lab technicians, in particular . . . [Plaintiff]; i.e., he would not allow her to plate the urines or conduct cultures—procedures that he prescribe[d] exclusively to male lab technicians such as Mike Olsen.
>
>   . . .
>
>   Plaintiff [was] forced to continue to work with co-worker [Dewsen] after . . . reporting . . . his constant and ongoing harassment of her (yelling, screaming, threatening), despite her request to work with another technician (Mike Olsen) in another area of the laboratory when [Dewsen] was working the same shift as Plaintiff. . . . When Plaintiff was forced to work with [Dewsen], approximately 90 [percent] of her 40 hour work week, . . . [Dewsen] would physically hover over her, refuse to assist her if he believed she need[ed] assistance, and then commence to scream, yell and threaten her.

15  (SAC ¶¶ 8-9 & 21(a).)

16          These allegations do not support drawing a reasonable
17  inference that Plaintiff was harassed based on her gender or age, or
18  that her work environment "[wa]s permeated with discriminatory [sex-
19  and/or age-based] intimidation, ridicule, and insult." Lyle, 38 Cal. 4th
20  at 279. Therefore, this portion of the dismissal motion is GRANTED.

21  **B. Retaliation**

22          Dignity Health argues "Plaintiff's [retaliation] claim . . .
23  fails because she . . . fail[s] to allege that she engaged in protected
24  conduct under either Title VII or . . . FEHA." (Mot. 3:4-5.) Dignity
25  Health also argues "Plaintiff cannot establish that any alleged
26  retaliation is causally related to any negative performance reviews or
27  written warnings she received." Id. at 3:6-7. Plaintiff does not address
28  these arguments in her opposition brief.

4

"In order to establish a prima facie claim of retaliation under FEHA [or Title VII], [P]laintiff[] must prove that [she] engaged in protected activity, [her] employer subjected [her] to adverse employment action, and there was a causal link between the protected activity and the employer's action." Lee v. Eden Med. Cntr., 690 F. Supp. 2d 1011, 1025 (N.D. Cal. 2010); see Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1196-97 (9th Cir. 2003) (listing the same elements for a retaliation claim under Title VII and FEHA). "Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987).

Plaintiff alleges she was "forced to continue to work with [Dewsen] after [she] report[ed] . . . his constant and ongoing harassment of her[.]" (SAC ¶ 21(a).) Plaintiff also alleges:

> Plaintiff recei[ved] . . . a written warning after an investigation meeting in [July 2010] regarding an allegation of her non-use or inability to use the Mobil Lab machine after the operational issues of said machine had been reported by other employees . . . to [Witthaus and O'Connor]. No other employees received such a written warning.
>
> [Witthaus] provid[ed] a list to Plaintiff in mid-September, 2010, containing the names of several of her co-workers and their alleged comments about her—none of which were substantiated or verified by him—and were later refuted by said co-workers upon their subsequent initial knowledge of said list and the alleged comments contained therein[.]
>
> Plaintiff [was] notified by [Witthaus] in mid-September, 2010, immediately after receipt by [Whitthaus] of the challenge of those co-workers to the above-referenced list and negative comments, that she was subject to a 90-day performance re-evaluation of her last performance evaluation[,]

5

1
2
3
>which took place in May, 2010. Said "re-evaluation" took place in December, 2010, some 7 months afterward, and resulted in another negative performance evaluation.

4 Id. ¶ 21(b)-(d).

5 These allegations do not support drawing a reasonable
6 inference that Plaintiff's report about Dewsen's conduct was causally
7 related to the negative performance reviews and written warnings
8 Plaintiff received. Therefore, this portion of the dismissal motion is
9 GRANTED.

10 **C. Negligence**

11 Defendants argue "Plaintiff references the alleged harassment
12 as a basis for her negligence claim . . . [but] since [she] has failed
13 to properly allege a claim for harassment, her negligence claim fails."
14 (Mot. 10:5-16.) "In the employment context, a claim for negligence
15 requires the existence of a legal duty of care by an employer to an
16 employee, a breach of that [duty], proximate causation of plaintiff's
17 damages, and damages." Scott v. Solano Cnty. Health & Soc. Servs. Dep't,
18 459 F. Supp. 2d 959, 972 (E.D. Cal. 2006).

19 Plaintiff alleges in her SAC that her "claim for negligence
20 . . . [is] based on her employer's alleged failure to protect her from
21 harassment." (SAC ¶ 24.) Plaintiff further alleges:

22
23
24
25
>[D]efendants had a duty to act to protect Plaintiff from harassment and retaliation. Plaintiff brought the acts of harassment and retaliation to the attention of her supervisors, as well as Human Resources, on many occasions. Defendants were negligent in not exercising due care to prevent the harassment and retaliation.

26 Id. ¶ 25. However, Plaintiff failed to allege non-conclusory allegations
27 in support of her negligence claim, or to otherwise state allegations
28

6

sufficient to allege the elements of this claim. Therefore, this portion of the dismissal motion is GRANTED.

### III. CONCLUSION

For the stated reasons, Defendants' dismissal motion is GRANTED. Further, Plaintiff is granted ten (10) days from date on which this order is filed to file a Third Amended Complaint in which she addresses the deficiencies in any dismissed claim.

Dated:  September 5, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge