IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORA LAVERY-PETRASH,  )
                                )   2:11-cv-01520-GEB-DAD
       Plaintiff,  )
                                  )
    v.  )   ORDER GRANTING IN PART AND
                                  )   DENYING IN PART DEFENDANTS'
SIERRA NEVADA MEMORIAL HOSPITAL,  )   MOTION TO DISMISS
JAMES (JIM) HEARD, DAVID  )
WITTHAUS, ARTHUR DEWSEN, and  )
ANNALISE O'CONNOR,  )
                                  )
       Defendants.  )
_____)

       Defendants David Witthaus ("Witthaus"), Arthur Dewsen ("Dewsen"), Annalise O'Connor ("O'Connor"), and James Heard ("Heard") (collectively referred to as "individual Defendants"), and Dignity Health ("Dignity Health") (collectively all defendants are referred to as "Defendants")[1] each move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiff's claims in her Third Amended Complaint ("TAC"). (Mem. of Points & Auth. in Supp. of Defs.' Mot to Dismiss TAC ("Defs.' Mot."), ECF No. 55.) Defendants argue since Plaintiff's TAC does not "correct the pleading problems" existing in the Second Amended Complaint, dismissal should be without leave to amend. Plaintiff failed to file an opposition brief or a statement of non-opposition, as required by Local Rule 230(c).

---

    [1] Dignity Health argues it was formerly known as Catholic Healthcare West, and has been erroneously sued in this action as Sierra Nevada Memorial Hospital.

1

# I. LEGAL STANDARD

Decision on Defendants' Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim under Rule 12(b)(6), "'[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party.'" Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1023, 1031 (9th Cir. 2008)). However, this tenet does not apply to "'legal conclusions . . . cast in the form of factual allegations.'" Id. (quoting W. Mining Council v. Watt, 643 F.3d 618, 624 (9th Cir. 1981)). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (internal quotation marks omitted) (quoting Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004)); see also Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Twombly, 550 U.S. at 555)).

# II. DISCUSSION

Plaintiff alleges in her TAC that during her employment at Dignity Health she experienced harassment and retaliation in violation

2

of her rights under the California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). (TAC, ECF No. 52.) Plaintiff also alleges a negligence claim against Defendants, arguing they negligently failed to prevent harassment and retaliation she experienced. (Id. ¶¶ 29-31.[2])

**A. First Claim: Employment Discrimination (which Plaintiff labels "Harassment Claims for Hostile Work Environment")**

Plaintiff's first claim is labeled "Harassment Claims for Hostile Work Environment". (TAC 2:8.) Defendants argue this claim is insufficient under FEHA or Title VII since Plaintiff "fail[s] to plead facts to establish she was subjected to harassment based on a particular characteristic, such as age or sex [;and], merely pleads the conclusion that she was harassed." (Defs.' Mot. 5:27-6:1.) This claim is insufficient to support a hostile work environment harassment claim because it does not contain a harassment allegation.

The claim's label, however, is not dispositive of "whether plaintiff[ has] pled a cognizable claim under [Rule] 12(b)(6)," since "[t]he court . . . analyzes 'the underlying conduct which forms the basis of plaintiff['s] . . . claim[] and not the label of the claim[ itself] to determine' whether plaintiff[ has] stated a claim upon which relief can be granted." Newhouse v. Aurora Bank FSB, --- F. Supp. 2d ---, No. CIV S-12-00223 KJM-KJN, 2013 WL 85414, at *7 (E.D. Cal. 2013) (quoting Clancy v. Bay Area Bank, 1997 WL 182291, at *2 (N.D. Cal. Apr. 7, 1997) (citing Scott v. Gulf Oil, 754 F.2d 1499, 1504 (9th Cir. 1985),

---

[2] Since the TAC contains two paragraphs numbered 10, two paragraphs numbered 11, two paragraphs numbered 12, and two paragraphs numbered 13, the remaining paragraphs in the TAC after these errors are misnumbered. For clarity, this order refers to the true number of each paragraph rather than the incorrect numbers used in the TAC.

abrograted on other grounds by Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1 (1987)); see also Int'l Star Registry of Ill. v. ABC Radio Network, Inc., 451 F. Supp. 2d 982, 991 (N.D. Ill. 2006) (citing NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992)) ("[F]or Rule 12(b)(6) purposes it does not matter whether [Plaintiff] places any label-or even the wrong label-on the claim."). Here, Plaintiff alleges that Dignity Health "discriminated against Plaintiff on the basis of sex and age . . . by engaging in a course of conduct," and that she "filed a timely charge of sex and age discrimination with the Equal Employment Opportunity Commission [("EEOC")]." (TAC ¶¶ 7, 20.) Since "the [evident] factual predicate for [P]laintiff['s first] claim is that [D]efendants[' acts constituted employment discrimination, t]he court therefore must analyze [P]laintiff['s claim] as though it were a claim for [employment discrimination]." Newhouse, 2013 WL 85414, at *7.

Plaintiff's first claim contains a sex-based employment discrimination allegation. "Title VII makes it unlawful for an employer to 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's [sex] . . . .'" Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (quoting 42 U.S.C. § 2000e-2(a)(1)).

Plaintiff's allegations concerning employment discrimination are the following:

> 7. [Dignity Health] discriminated against Plaintiff on the basis of sex and age . . . by engaging in a course of conduct . . . includ[ing] treating Plaintiff differently from . . . male employees and younger female employees; . . . and affirmatively den[ying Plaintiff], via it[s] employee, David Whitthaus [sic], the opportunity to interview for the new position of Laboratory Supervisor, for which Plaintiff applied and believed to be qualified for.

4

|   |   |
|---|---|
| 1 | 8. . . . Plaintiff observed that Defendant, Arthur Dewson [sic], harassed her (age 58[)] . . . . |
| 2 | |
| 3 | 9. . . . Defendant, Arthur Dewson [sic], dictated restrictions as to the duties allowed to certain lab technicians, in particular, said Plaintiff herein; i.e, he would not allow her to plate the urines and/or conduct cultures - procedures that he prescribe [sic] exclusively to male lab technicians such as Mike Olsen. |

           8. . . . Plaintiff observed that Defendant, Arthur
           Dewson [sic], harassed her (age 58[)] . . . .

           9. . . . Defendant, Arthur Dewson [sic], dictated
           restrictions as to the duties allowed to certain
           lab technicians, in particular, said Plaintiff
           herein; i.e, he would not allow her to plate the
           urines and/or conduct cultures - procedures that he
           prescribe [sic] exclusively to male lab technicians
           such as Mike Olsen.

           . . .

           [18]. . . . Plaintiff received her latest
           performance evaluation from Ms. Hogland[, which]
           was very positive, consistent with the performance
           evaluations conducted prior to the discrimination
           of Defendant, David Whithaus [sic], on behalf of
           his employer, Defendant, Dignity Health . . . .

(TAC ¶¶ 7-9, 18.) These allegations are sufficient to allege sex-based Title VII and FEHA employment discrimination claims but are insufficient to allege age-based discrimination. Therefore, Plaintiff's age-based discrimination claim is dismissed; however, Plaintiff's sex-based discrimination claim survives Defendants' dismissal motion.

**B. Second Claim: Hostile Work Environment Harassment Claims**

Defendants seek dismissal of Plaintiff's hostile work environment harassment claims, alleged under FEHA and Title VII, arguing that Plaintiff "fail[s] to plead facts to establish she was subjected to harassment based on a particular characteristic, such as age or sex[; and] merely pleads the conclusion that she was harassed." (Defs.' Mot. 5:27-6:1.) Defendants argue that Plaintiff's "contentions do not constitute a sufficient factual basis to support a sexual or age based harassment claim as the allegations do not demonstrate either a sexual or age related bias." (Id. 6:28-7:2.)

"California courts have adopted the same standard [that federal courts use under Title VII] for hostile work environment sexual harassment claims under the FEHA." Lyle v. Warner Bros. Television

5

Prods., 38 Cal. 4th 264, 279 (2006) (citing Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 608 (1989)). "[A]n employee claiming harassment based upon a hostile work environment [under FEHA or Title VII] must demonstrate that . . . she was subjected to . . . conduct[] or comments that were (1) unwelcome; (2) because of sex [and/or age]; and (3) sufficiently severe or pervasive [so as] to alter the conditions of her employment and create an abusive work environment." Id. at 278-79 (internal quotation marks omitted) (citations omitted). "[A] workplace may give rise to liability when it 'is permeated with discriminatory [sex- and/or age-based] intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Id. at 279 (alterations in original omitted) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances[, which] may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris, 510 U.S. at 23.

Plaintiff makes the following allegations in her hostile work environment harassment claim:

> 10. Defendant, Arthur Dewson [sic], would hover over the Plaintiff while she was working on a machine in the hematology area. This area is extremely small and holds three (3) large machines. Said defendant, on many occasions . . . , would come up behind the Plaintiff and press himself against the Plaintiff. When the Plaintiff turned around with the machine's controls in her hands, her elbows would bump into Dewson's [sic] stomach. When queried by the Plaintiff as to why Dewson [sic] was so close to her and pressing himself onto her, his response was "I am watching you".

6

11. Further, in the lab, Defendant, Arthur Dewson [sic], would sit in front of the centrifuge (spinner) with his legs propped up on the counter. Plaintiff, when bringing blood that was collected by the phlebotomist into the back of the lab where Dewson [sic] was, could not walk around him because the upper portion of his body completely blocked the spinner. The only way Plaintiff could put the blood into the spinner was to lean over Dewson's [sic] legs. Plaintiff is 5'3" in height. Being so short, her upper body (chest) would have to lean into Dewson's [sic] legs in order to reach the spinner. Plaintiff repeatedly asked Dewson [sic] to move, but he refused. His comment to Plaintiff was that "you can reach it". Plaintiff feared she could not say anything more because Defendant, Arthur Dewson [sic], was the lab's supervisor on the night shift, which was the shift she worked.

12. One night, when co-worker Constance Goodwin was working the same shift as Plaintiff, Defendant Arthur Dewson [sic] came to the front of the lab and demanded that Plaintiff work in the back of the lab. When Plaintiff asked Dewson [sic] why he was so threatening and abusive towards her, his comment was "because I can, and if you don't like it you can go get a fucking different job". He also told Plaintiff that night "I am going to decrease your pay". . . .

. . .

[26]. . . . By the following acts or omissions to act, said defendants intentionally caused damage to [Plaintiff]:
    a. Plaintiff being forced to continue to work with co-worker, Defendant Arthur Dewson [sic], after her reporting of his constant and ongoing harassment of her (yelling, screaming, threatening), despite her request to work with another technician (Mike Olson) in another area of the laboratory when said defendant was working the same shift as Plaintiff. Plaintiff was not allowed to work in the back area of the laboratory where Defendant, Arthur Dewson [sic], worked, if a male laboratory technician was available to work during the same shift. When Plaintiff was forced to work with Defendant, Arthur Dewson [sic], approximately 90% of her 40 hour work week, after her request to work with another technician (see above), he would physically hover over her, refuse to assist her if he believed she need assistance, and then commence to scream, yell and threaten her.

. . .

|   |   |
|---|---|
| 1 | [28]. During the time in question, Plaintiff repeatedly reported to Defendant, Human Resource Manager Annalise O'Connor, about the ongoing abuse she was subjected to by certain male supervisors (Dewson [sic], Witthaus). Neither Dewson [sic] or Witthaus suffered any negative consequences as a result, and the harassment and abuse continued. |

(TAC ¶¶ 10-12, 26, 28.) These conclusory allegations fail to "demonstrate that . . . [Plaintiff] was subjected to . . . conduct[] or comments that were . . . because of [her] sex [and/or her age]." Lyle, 38 Cal. 4th at 279 (internal quotation marks omitted) (citing Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80–81 (1998)). Therefore, Plaintiff's hostile work environment harassment claim is dismissed.

**C. Second Claim: Retaliation**

Defendants also seek dismissal of Plaintiff's retaliation claim, arguing that Plaintiff has "failed to allege . . . facts" "'sufficient to establish [causation,] the third element of [a] prima facie [retaliation] case[, which] may be inferred from circumstantial evidence.'" (Defs.' Mot. 9:23–24, 9:20–21 (quoting Order 5:9–10).) Defendants further argue that "Plaintiff has . . . failed to allege any facts that she engaged in protected conduct under either Title VII or the FEHA, [and therefore] she cannot establish a prima facie case of retaliation." (Defs.' Mot. 10:12–13.)

"[T]he antidiscrimination objectives and public policy purposes of [FEHA and Title VII] are the same, [and California courts] rely on federal decisions to interpret analogous parts of the state statute." Okoli v. Lockheed Tech. Operations Co., 36 Cal. App. 4th 1607, 1614 n.3 (1995) (quoting Sandhu v. Lockheed Missiles & Space Co., 26 Cal. App. 4th 846, 851 (1994) (citing Clark v. Claremont Univ. Ctr., 6 Cal. App. 4th 639, 662 (1992); Mixon v. Fair Emp't & Hous. Comm'n, 192 Cal. App. 3d 1306, 1316 (1987)). "[T]o establish a prima facie claim of

8

retaliation under FEHA [or Title VII], [P]laintiff[] must prove that [(1) she] engaged in protected activity, [(2) her] employer subjected [her] to adverse employment action, and [(3)] there was a causal link between the protected activity and the employer's action." Lee v. Eden Med. Cntr., 690 F. Supp. 2d 1011, 1025 (N.D. Cal. 2010) (citing Iwekaogwu v. City of L.A., 75 Cal. App. 4th 803, 814 (1999)). "Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987).

Plaintiff's retaliation claim is based on the following allegations:

> 7. [Dignity Health] discriminated against Plaintiff on the basis of sex and age . . . by . . . retaliat[ing] for Plaintiff's involvement as a union steward; . . . retaliat[ing] for Plaintiff's repeated filing of grievances to said Defendant for its discriminatory treatment of her . . . .
>
> . . .
>
> [26]. . . . By the following acts or omissions to act, said defendants intentionally caused damage to [Plaintiff]:
>
> . . .
>
> c. Defendant, David Whitthaus [sic], providing a list to Plaintiff in mid-September, 2010, containing the names of several of her co-workers and their alleged comments about her - none of which were substantiated or verified by him - and were later refuted by said coworkers upon their subsequent initial knowledge of said list and the alleged comments contained therein;
> d. Plaintiff being notified by Defendant, David Whitthaus [sic], in mid-September, 2010, immediately after receipt by said Defendant of the challenge of those co-workers to the above-referenced list and negative comments, that she was

9

>           subject to a 90 day performance re-evaluation of her last performance evaluation which took place in May, 2010. Said "re-evaluation" took place in December, 2010, some 7 months afterward, and resulted in another negative performance evaluation[.]
>
>           . . .
>
>           [28]. During the time in question, Plaintiff repeatedly reported to Defendant, Human Resource Manager Annalise O'Connor, about the ongoing abuse she was subjected to by certain male supervisors (Dewson [sic], Witthaus). Neither Dewson [sic] or Witthaus suffered any negative consequences as a result, and the harassment and abuse continued. Plaintiff, with an exemplary work record, was retaliated by receiving her first write-up in seven years of employment. Further, that write-up appeared in her next performance review, which was also negative as a result. The reason given by Defendant, David Witthaus, for the write-up was that Plaintiff was spreading "malicious gossip". That "malicious gossip" was her reports of the harassment and abuse. Clearly, a reasonable inference can be made that Plaintiff's report about Dewson's [sic] conduct was causally related to the negative performance review and write-up that Plaintiff received.

(TAC ¶¶ 7, 26, 28.) These allegations do not provide "sufficient . . . circumstantial evidence" to support drawing a reasonable inference that Plaintiff's filing of an EEOC discrimination charge, Plaintiff's coworkers' challenge of Witthaus's list of alleged comments made by them, or Plaintiff's report to O'Connor about Dewsen's and Witthaus's conduct were causally related to Plaintiff's negative performance reviews or written warnings. Yartzoff, 809 F.2d at 1376. Therefore, Plaintiff's retaliation claim is dismissed.

**D. Third Claim: Negligence**

Defendants also seek dismissal of Plaintiff's negligence claim, arguing that "Plaintiff has failed to properly plead a claim for negligence against any of the named Defendants." (Defs.' Mot. 12:3-4.) "In the employment context, a claim for negligence requires the

existence of a legal duty of care by an employer to an employee, a breach of that [duty], proximate causation of plaintiff's damages, and damages." Scott v. Solano Cnty. Health & Soc. Servs. Dep't, 459 F. Supp. 2d 959, 972 (E.D. Cal. 2006).

Plaintiff's negligence allegations are the following: "[A]ll of the named defendants were negligently the legal cause of damages to [Plaintiff] by reason of her employer's discrimination and the individual[] defendants' harassment of her, inclusive of her employer"; "Plaintiff has indeed herein alleged a harassment claim, and thus can and does allege[] a claim for negligence, based on her employer's alleged failure to protect her from harassment"; and "[s]aid defendants had a duty to act to protect Plaintiff from harassment and retaliation[ and] were negligent in not exercising due care to prevent the harassment and retaliation." (TAC ¶¶ 29-31.) These conclusory allegations are insufficient to support a negligence claim. Therefore, this claim is dismissed.

### III. CONCLUSION

For the stated reasons, Plaintiff's age-based employment discrimination claim and her second and third claims are dismissed. Further, Plaintiff is granted fourteen (14) days from the date on which this order is filed to file a Fourth Amended Complaint in which she addresses the deficiencies in any dismissed claim.

Dated: May 28, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

11