IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA LAVERY-PETRASH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SIERRA NEVADA MEMORIAL HOSPITAL,<br>JAMES (JIM) HEARD, DAVID<br>WITTHAUS, ARTHUR DEWSON,<br>ANNALISE O'CONNOR, and DOES<br>1-50, inclusive,<br><br>　　　　　Defendants.<br>_____ | 2:11-cv-01520-GEB-DAD<br><br><u>ORDER TO SHOW CAUSE; *IN PRO*<br>*PER* REFERRAL</u> |

　　　　On April 12, 2013, Plaintiff's "former attorney of record[,]" Sharon L. Lapin, filed an "Ex Parte Inquiry" in which she asks "why [the Court] has not yet issued a ruling on the Motion to Dismiss the Third Amended Complaint [(ECF No. 54)], nor the Stipulated Request to Modify the Status (Pretrial Scheduling) Order [(ECF No. 51)].[1] (Ex Parte Appl. 1:18-21, ECF No. 57.)

　　　　Ms. Lapin avers in the Ex Parte Inquiry, *inter alia*:

> 2.　On or about November 7, 2012, my status to practice law in the State of California became

---

[1] The Court notes that it adopted the parties' proposed modifications to the Status Order, with modifications, by Minute Order on September 18, 2012. Therefore, the referenced stipulated request to modify the status order is not pending. Further, an order regarding the referenced dismissal motion was filed May 29, 2013.

1

> inactive, involuntarily, by reason of the ruling of the State Bar Hearing Department, Case No. 10-O-03758[.] Pursuant to that ruling, I ceased practicing law on or about November 10, 2012. That matter is pending, under appeal.
>
> . . . .
>
> 6. Ms. Petrash has not sought alternative counsel yet because she is hoping my status to practice law will be reinstated soon.

(Ex Parte Appl. 2:14-3:4.)

Ms. Lapin's averments evince that she has been ineligible to practice in the United States District Court for the Eastern District of California since at least November 7, 2012. See E.D. Cal. R. 180(a) ("Admission to and continuing membership in the Bar of this Court are limited to attorneys who are active members in good standing of the State Bar of California."). Further, Local Rules 180(c) and 184(b) require attorneys to "promptly notify the Court" of any "change in status" and "any disciplinary action" that "would make the attorney ineligible to practice in this Court." However, Ms. Lapin did not notify the Court of her change in status for one hundred and forty-eight (148) days, until April 4, 2013.

Therefore, Ms. Lapin is Ordered to Show Cause ("OSC") in a writing to be filed no later than June 3, 2013, why she should not be sanctioned five hundred dollars ($500.00) for failing to comply with Local Rules 180(c) and 184(b). The written response shall state whether a hearing is requested on the OSC. If a hearing is requested, it will be held on June 10, 2013.

Further, under these circumstances, it is apparent that Plaintiff is proceeding *in propria persona*. Future service on Plaintiff shall be as follows:

```
            Nora Lavery-Petrash
            13995 Bear Run Road
            Nevada City, CA 95959
```

Also, since Plaintiff is proceeding in *pro per,* this case is referred to the assigned magistrate judge under Local Rule 302(c)(21).

IT IS SO ORDERED.

Dated: May 28, 2013

```
                              _____
                              GARLAND E. BURRELL, JR.
                              Senior United States District Judge
```