IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA LAVERY-PETRASH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SIERRA NEVADA MEMORIAL HOSPITAL, ) <br> JAMES (JIM) HEARD, DAVID ) <br> WITTHAUS, ARTHUR DEWSON, ) <br> ANNALISE O'CONNOR, and DOES ) <br> 1-50, inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | 2:11-cv-01520-GEB-DAD <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE |

An order issued on May 29, 2013, directing Plaintiff's former counsel, Sharon Lapin, to show cause "in a writing to be filed no later than June 3, 2013, why she should not be sanctioned five hundred dollars ($500.00) for failing to comply with Local Rules 180(c) and 184(b). (ECF No. 59.) Ms. Lapin responded to the OSC in a June 3, 2013 filing, essentially stating that her "failure to notify this court promptly of [her] change in status" was caused by her unfamiliarity with the referenced Local Rules, "and was not deliberate." (Resp. to OSC, ECF No. 60.)

Although Ms. Lapin's response reveals she could be sanctioned, since "[a]ttorneys practicing in a federal district court are charged with knowledge of the local rules," the undersigned judge will not impose a sanction this time. Brown v. Savage, No. CV-08-382-N-EJL, 2011 WL 4584771, at *4 (D. Idaho Sept. 30, 2011); see also Dela Rosa v.

1

Scottsdale Mem'l Health Sys., Inc., 136 F.3d 1241, 1244 ("[W]e expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court. . . . Such behavior is not only a mark of elementary professional competence, but is common sense to attorneys seeking to zealously represent the interests of their clients.").

Therefore, Ms. Lapin's request for "oral argument" is unnecessary, and no hearing is scheduled.

Dated:  June 6, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge