1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    NORA LAVERY-PETRASH,                          No.  2:11-cv-1520 GEB DAD PS

12                   Plaintiff,

13           v.                                     FINDINGS AND RECOMMENDATIONS

14    SIERRA NEVADA MEMORIAL
      HOSPITAL, et al.,
15

16                   Defendants.

17

18           This matter came before the court on August 9, 2013, for hearing of defendants' motions

19    to dismiss.  Plaintiff Nora Lavery-Petrash appeared on her own behalf.  Attorney Michael Pott

20    appeared on behalf of the defendants.

21           Upon consideration of the arguments on file and at the hearing, and for the reasons set

22    forth below, the undersigned will recommend that defendants' motion to dismiss be granted in

23    part and denied in part.

24                                       BACKGROUND

25           Plaintiff, at that time proceeding through counsel, commenced this action on March 2,

26    2011, by filing a complaint in the Nevada County Superior Court.  (Dkt. No. 1-2 at 1.[1])

27    _____

28    [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF
      system and not to page numbers assigned by the parties.

                                                    1

Plaintiff's original complaint alleged four cause of action, including one for violation of Title VII of the Civil Rights Act of 1964.  On June 6, 2011, the defendants removed the action to this court.  (Dkt. No. 1 at 1-2.)

On June 10, 2011, defendants filed a motion to dismiss.  (Dkt. No. 8.)  The assigned District Judge granted defendants' motion on December 13, 2011, dismissed plaintiff's original compliant and granted plaintiff leave to file an amended complaint.  (Dkt. No. 23.)  Plaintiff filed her amended complaint on December 25, 2011.  (Dkt. No. 24.)

On January 12, 2012, defendants filed a motion to dismiss the amended complaint.  (Dkt. No. 27.)  On March 26, 2012, the assigned District Judge granted in part and denied in part defendants' motion to dismiss and granted plaintiff leave to file a second amended complaint.  (Dkt. No. 37.)  Plaintiff filed her second amended complaint on April 5, 2012.  (Dkt. No. 39.)

On April 23, 2012, defendants filed a motion to dismiss plaintiff's second amended complaint.  (Dkt. No. 40.)  The assigned District Judge granted defendants' motion to dismiss the second amended complaint on September 6, 2012, and granted plaintiff leave to file a third amended complaint.  (Dkt. No. 50.)  Plaintiff filed her third amended complaint on September 16, 2012.  (Dkt. No. 52.)

On October 3, 2012, defendants filed a motion to dismiss plaintiff's third amended complaint.  (Dkt. No. 54.)  On May 29, 2013, the assigned District Judge dismissed the third amend complaint's causes of action alleging age-based employment discrimination, hostile work environment harassment, retaliation and negligence, but granted plaintiff leave to file a fourth amended complaint.[2]  (Dkt. No. 58.)  That same day the assigned District Judge issued an order finding that plaintiff was no longer represented by counsel eligible to practice in this court and referred the matter to the undersigned pursuant to Local Rule 302(c)(21.)  (Dkt. No. 59.)

On June 12, 2013, plaintiff, now proceeding pro se, filed a fourth amended complaint.  (Dkt. No. 64.)  Therein, plaintiff alleges generally that while employed by defendant Dignity Health (erroneously sued as Sierra Nevada Memorial Hospital), she was discriminated against

---

[2]  The assigned District Judge did not, however, dismiss the third amended complaint's sex-based discrimination claims against defendant Dignity Health.  (Dkt No. 58 at 5.)

1  and harassed by several individual defendants based on her sex and age.  Defendants filed the

2  motion to dismiss plaintiff's fourth amended complaint now pending before the court on July 1,

3  2013.  (Dkt. No. 67.)  Plaintiff filed an opposition on July 18, 2013, (Dkt. No. 68), and defendants

4  filed a reply on August 2, 2013.  (Dkt. No. 69.)

5  STANDARDS

6  I.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

7  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

8  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

9  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

10  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

11  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

12  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

13  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

14  the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

15  Iqbal, 556 U.S. 662, 678 (2009).

16  In determining whether a complaint states a claim on which relief may be granted,

17  the court accepts as true the allegations in the complaint and construes the allegations in the light

18  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

19  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

20  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

21  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

22  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

23  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

24  an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

25  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

26  elements of a cause of action."  Twombly, 550 U.S. at 555.  See also Iqbal, 556 U.S. at 676

27  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

28  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

3

1   facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

2   not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

3   459 U.S. 519, 526 (1983).

4           In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

5   to consider material which is properly submitted as part of the complaint, documents that are not

6   physically attached to the complaint if their authenticity is not contested and the plaintiff's

7   complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

8   250 F.3d 668, 688-89 (9th Cir. 2001).

9                                              ANALYSIS

10  I.      Employment Discrimination

11          Defendants argue that in her fourth amended complaint plaintiff has failed to allege

12  sufficient facts to establish a cognizable claim for age-based discrimination.[3]  (MTD (Dkt. No.

13  65-1) at 3-4.)  In this regard, defendants argue that the fourth amended complaint alleges that

14  plaintiff was denied the opportunity to interview for a Laboratory Supervisor position which was

15  ultimately given to Jennifer Hogland.  (Id. at 4.)  Defendants assert that these allegations are the

16  same allegations found in the third amended complaint which the court "previously analyzed . . .

17  and concluded  . . . were insufficient to state an age-based discrimination claim."  (Id.)

18          Unlike her third amended complaint, however, in her fourth amended complaint plaintiff

19  also specifically alleges that a Jennifer Hogland was younger than plaintiff.  Specifically, in her

20  fourth amended complaint plaintiff alleges that at the age of fifty-eight she applied for the

21  position of Laboratory Supervisor, a position she believed she was qualified for, was denied an

22  opportunity to interview for the position and that the position was eventually filled by a younger

23  and less experienced employee - Jennifer Hogland.  (Fourth Am. Compl. (Dkt. No. 64) at 2-3.)

24  /////

25  /////

26  /////

27  _____

28  [3]  Defendants' motion does not seek dismissal of the fourth amended complaint's claim for sex-based discrimination.  (MTD (Dkt. No. 65-1) at 4.)

1    Based on these allegations, the undersigned finds that plaintiff's fourth amended

2   complaint states a claim for age-based discrimination.[4]  See Swierkiewicz v. Sorema N. A., 534

3   U.S. 506, 514-15 (2002) ("Applying the relevant standard, petitioner's complaint easily satisfies

4   the requirements of Rule 8(a) because it gives respondent fair notice of the basis for petitioner's

5   claims.  Petitioner alleged that he had been terminated on account of . . . his age in violation of

6   the ADEA . . . .   His complaint detailed the events leading to his termination, provided relevant

7   dates, and included the ages . . . of at least some of the relevant persons involved with his

8   termination . . . .   These allegations give respondent fair notice of what petitioner's claims are and

9   the grounds upon which they rest . . . .   In addition, they state claims upon which relief could be

10   granted under . . .the ADEA."); Shelley v. Geren, 666 F.3d 599, 608 (9th Cir. 2012) ("In a failure-

11   to-promote case, a plaintiff may establish a prima facie case of discrimination in violation of the

12   ADEA by producing evidence that he or she was (1) at least forty years old, (2) qualified for the

13   position for which an application was submitted, (3) denied the position, and (4) the promotion

14   was given to a substantially younger person."); Steckl v. Motorola, Inc.,703 F.2d 392, 393 (9th

15   Cir. 1983) (plaintiff established prima facie case of discrimination where he "was clearly within

16   the protected class, had applied for an available position for which he was qualified, and was

17   denied a promotion which was given to a younger person.  The result was creation of an inference

18   of discrimination.")[5]

19   /////

---

20   [4]   Although plaintiff's fourth amended complaint refers with respect to plaintiff's age-based
21   discrimination claim to both Title VII and the California' Fair Employment and Housing Act
("FEHA"),  claims of age-based discrimination are not actionable under Title VII and instead are
22   subject to the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621, et seq.

23   [5]   Defendants argue that plaintiff's fourth amended complaint fails to specifically allege that
24   Jennifer Hogland was not a member of plaintiff's age protected class.  (MTD (Dkt. No. 65-1) at
5.)  As noted above, however, in analyzing a motion to dismiss the allegations of the complaint
25   are construed in the light most favorable to the plaintiff and pro se complaints are held to less
stringent standards than formal pleadings drafted by lawyers.  Moreover, "an employment
26   discrimination plaintiff need not plead a prima facie case of discrimination . . . ."  Swierkiewicz,
27   534 U.S. at 515.  Instead, "an employment discrimination complaint . . . must contain only 'a
short and plain statement of the claim showing that the pleader in entitled to relief."  Id. at 508
28   (quoting Rule 8 of the Federal Rules of Civil Procedure).

1    However, it is unclear from the allegations of the fourth amended complaint whether

2    plaintiff is attempting to assert her claim of age-based discrimination against her former

3    employer, defendant Dignity Healthy, alone or against the other individual employee defendants

4    as well.  Although an employer may be held liable for age-based discrimination under the ADEA

5    and the FEHA, non-employer individuals are not personally liable for that discrimination.  See

6    Berry v. UCSF, No. C-09-0499 EMC, 2009 WL 5092027, at *3 (N.D. Cal. Dec. 17, 2009) ("the

7    Court is bound by Ninth Circuit precedent and therefore it must conclude that the ADEA claim

8    against the individual defendants is futile."); Reno v. Baird, 18 Cal.4th 640, 663 (1998)

9    (individuals who are not employers may not be sued under the FEHA for discrimination).

10    Accordingly, defendants' motion to dismiss the fourth amended complaint's claims for

11    age-based discrimination should be denied as to defendant Dignity Health and granted only as to

12    the individual defendants.

13    II.    Hostile Work Environment Harassment

14    Defendants argue that plaintiff's hostile work environment harassment cause of action

15    must be dismissed because her fourth amended complaint fails to allege that any of the conduct

16    complained of was based on plaintiff's sex or age.  In this regard, defendants argue that the

17    allegations found in the fourth amended compliant are nearly identical to those found in the third

18    amended complaint, which this court previously found failed to state a valid claim for relief.

19    (MTD (Dkt. No. 65-1) at 5-8.)

20    A comparison of the third amended complaint and the fourth amended compliant does

21    reveal that the two complaints are nearly identical with respect to their allegations concerning

22    hostile work environment harassment.  Moreover, the hostile work environment harassment

23    allegations found in her fourth amended complaint fail to implicate plaintiff's sex or age.  In this

24    regard, the fourth amended complaint alleges that plaintiff was forced to work with a co-worker

25    who would "hover over her, refuse to assist her . . . and then commence to scream, yell and

26    threaten her." (Fourth Am. Compl. (Dkt. No. 64) at 8.)  The complaint also alleges that plaintiff

27    was issued a written warning concerning her "inability to use the Mobil Lab machine," received a

28    /////

6

1    list of employees along with critical comments those employees were making about her, received

2    negative performance evaluations, and a "write-up" for "spreading malicious gossip."  (Id. at 8-

3    10.)

4         To establish a prima facie claim for harassment and a hostile work environment, a plaintiff

5    must show (1) that she was subjected to verbal or physical conduct because of a protected

6    characteristic (e.g., race, sex, or age), (2) the conduct was unwelcome, and (3) the conduct was

7    sufficiently severe or pervasive to alter the conditions of his employment and create an abusive

8    work environment.  See Little v. Windermere Relocation, Inc., 301 F.3d 958, 966 (9th Cir. 2002)

9    (listing elements of prima facie claim for hostile work environment based on sex under Title VII);

10   Lyle v. Warner Bros. Television Production, 38 Cal.4th 264, 279 (2006) (listing elements of

11   prima facie claim for hostile work environment claim based on sex under FEHA).

12        As was true of her third amended complaint, the allegations found in plaintiff's fourth

13   amended complaint fail to allege that the conduct plaintiff complains of was engaged in because

14   of a protected characteristic, i.e., her sex or age, nor is such a connection apparent from the

15   allegations.  Accordingly, the undersigned recommends that defendants' motion to dismiss be

16   granted as to plaintiff's claim of hostile work environment harassment.

17   III.   Retaliation

18        Defendants next argue that plaintiff has failed to properly allege a retaliation claim under

19   either Title VII or the FEHA and, therefore, that cause of action should be dismissed.  (MTD

20   (Dkt. No. 65-1) at 8-9.)

21        Plaintiff may establish a prima facie case of retaliation under Title VII, the ADEA or the

22   FEHA by showing that (1) she engaged in a protected activity (i.e., that she protested or otherwise

23   opposed unlawful employment discrimination directed against a protected employee), (2) the

24   employer subjected her to an adverse employment decision, and (3) there was a causal link-

25   /////

26   /////

27   /////

28   /////

7

between the protected activity and the employer's action.[6]  See Poland v. Chertoff, 494 F.3d 1174, 1180 (9th Cir. 2007); Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 506 (9th Cir. 2000); Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1042 (2005).  "It is not necessary, however, that the employment practice actually be unlawful; opposition clause protection will be accorded 'whenever the opposition is based on a 'reasonable belief' that the employer has engaged in an unlawful employment practice.'"  Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir. 1994) (quoting EEOC v. Crown Zellerbach Corp., 720 F.2d 1008, 1012 (9th Cir. 1983)).

        In her fourth amended complaint plaintiff alleges that she filed a "charge of sex and age discrimination with the Equal Employment Opportunity Commission and received a notice dated March 4, 2010, of the right to sue in state court  . . . ."  (Fourth Am. Compl. (Dkt. No. 64) at 7.)  Filing a complaint with the Equal Employment Opportunity Commission ("EEOC") is the "quintessential" protected activity.  McGinest v. GTE Service Corp., 360 F.3d 1103, 1125 n.19 (9th Cir. 2004).  See also Raad v. Fairbanks North Star Borough School Dist., 323 F.3d 1185, 1197 (9th Cir. 2003) ("Protected activity includes the filing of a charge or a complaint . . . ."): Ray v. Henderson, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000) ("As the statutory language . . . indicates, filing a complaint with the EEOC is a protected activity."); Hashimoto v. Dalton, 118 F.3d 671, 680 (9th Cir.1997) (holding that simply meeting with EEOC counselor is protected activity because it constitutes participation "in the machinery set up by Title VII to enforce its provisions").

        The fourth amended complaint also contains the allegation that "[d]uring the time in question" plaintiff "repeatedly reported to" Human Resource Manager Annalise O'Connor "about the ongoing abuse [she] was subjected to by certain male supervisors."  (Fourth Am. Compl. (Dkt. No. 64) at 10.)  To the extent that this alleged "ongoing abuse" refers to plaintiff's alleged claims for sex and age-based discrimination, plaintiff's complaints to Human Resources would

---

[6]  Plaintiff, however, "need not plead a prima facie case . . . ."  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515 (U.S. 2002).  See also Washington v. Certainteed Gypsum, Inc., No. 2:10-cv-0204 GMN LRL, 2011 WL 3705000, at *5 (D. Nev. Aug. 24, 2011) ("Accordingly, this court will assess Plaintiff's employment discrimination complaint under the two general pleading principles outlined by the Ninth Circuit in Starr: whether the allegations provide Defendant fair notice of the type of claim being brought, and whether the allegations are sufficiently plausible.")

1  also constitute protected activity.  See Dawson v. Entek Intern., 630 F.3d 928, 936-37 (9th Cir.

2  2011) ("Dawson engaged in protected activity when he visited Morch in human resources to

3  discuss his treatment and file a complaint.  This was a complaint to human resources staff based

4  directly on sexual orientation discrimination."); Ray, 217 F.3d at 1240 ("Making an informal

5  complaint to a supervisor is also a protected activity.").

6       Moreover, in her fourth amended complaint plaintiff alleges that she received her "first

7  negative performance evaluation in seven year of employment" in May of 2010.  (Fourth Am.

8  Compl. (Dkt. No. 64) at 6.)  A negative performance evaluation can also be considered an adverse

9  employment decision.  See Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 847

10 (9th Cir. 2004); Brooks v. City of San Mateo, 229 F.3d 917, 928-29 (9th Cir. 2000); Yartzoff v.

11 Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987).

12      In the fourth amended complaint it is also alleged that plaintiff was denied the opportunity

13 to interview for "the new position of Laboratory Supervisor."  (Compl. (Dkt. No. 64 at 2-3.)  The

14 denial of an opportunity to interview for an open position can be considered an adverse

15 employment decision.  See McAlindin v. County of San Diego, 192 F.3d 1226, 1239 (9th Cir.

16 1999) ("[I]f a transfer to a 'position was not made available to [plaintiff] because of her

17 involvement in protected activities,' then she suffered an adverse employment decision.")

18 (quoting Bouman v. Block, 940 F.2d 1211, 1229 (9th Cir. 1991)); Randlett v. Shalala, 118 F.3d

19 857, 862 (1st Cir. 1997) (noting that denial of transfer could constitute adverse employment

20 action where transfer was "common enough practice and so arguably a 'privilege' of

21 employment"); Equal Employment Opportunity Com'n v. Swissport Fueling, Inc., 916 F.Supp.2d

22 1005, 1030 (D. Ariz. 2013) ("Failing to promote an employee also constitutes an adverse

23 employment action."); Parker v. State of Del., Dept. of Public Safety, 11 F.Supp.2d 467, 479 (D.

24 Del. 1998) ("However, the denial of a position for which the plaintiff applied is an adverse action,

25 whether it is considered a hiring issue or a job opportunities issue.").

26      Finally, in her fourth amended complaint plaintiff alleges that she was retaliated against

27 because of her complaints about the alleged discriminatory treatment she had received.  (Fourth

28 Am. Compl. (Dkt. No. 64) at 2.)  A plaintiff may establish a causal link between the alleged

1  protected activity and the alleged adverse action by circumstantial evidence, including the

2  employer's knowledge of the protected activity and the proximity in time between the protected

3  action and the adverse employment act.  Dawson, 630 F.3d at 936; Jordan v. Clark, 847 F.2d

4  1368, 1376 (9th Cir. 1988); see also Passantino, 212 F.3d at 507 ("[W]hen adverse decisions are

5  taken within a reasonable period of time after complaints of discrimination have been made,

6  retaliatory intent may be inferred.").

7      Here, although it is not clear from plaintiff's allegations as to precisely when plaintiff was

8  denied an opportunity to interview for the position of Laboratory Supervisor, the fourth amended

9  complaint does allege that after plaintiff received her "right to sue letter" from the EEOC in

10 March of 2010, she, for the first time, received a negative performance review in May of 2010.

11 (Fourth Am. Compl. (Dkt. 64) at 6-7.)  The proximity in time between plaintiff's complaint to the

12 EEOC and her negative performance review is sufficient under the circumstances to allow for the

13 inference of a causal link.  See Allen v. Iranon, 283 F.3d 1070, 1078 (9th Cir. 2002) ("an eleven-

14 month gap in time is within the range that has been found to support an inference that an

15 employment decision was retaliatory"); Yartzoff, 809 F.2d at 1376 (causation was found from

16 proximity alone where the adverse actions occurred within three months after protected activity,

17 two weeks after charge investigated, and less than two months after investigation ended); see also

18 Poland v. Chertoff, 494 F.3d 1174, 1181 n2 (9th Cir. 2007) ("At the prima facie stage of a

19 retaliation case, the causal link element is construed broadly so that a plaintiff merely has to prove

20 that the protected activity and the negative employment action are not completely unrelated.");

21 Coszalter v. City of Salem, 320 F.3d 968, 978 (9th Cir. 2003) ("[R]ule that any period over a

22 certain time is per se too long (or, conversely, a rule that any period under a certain time is per se

23 short enough) would be unrealistically simplistic.").

24 /////

25 /////

26 /////

27 /////

28 /////

1    Based on these allegations by plaintiff the undersigned finds that the fourth amended

2    complaint states a claim for retaliation.[7]  Accordingly, the undersigned recommends that

3    defendants' motion to dismiss be denied with respect to plaintiff's retaliation claim against

4    defendant Dignity Health.[8]

5    IV.    Negligence[9]

6    Defendants argue that plaintiff's negligence claim should be dismissed because the

7    allegations of the fourth amendment complaint with respect to that cause of action are conclusory

8    and fail to state a claim.  (MTD (Dkt. No. 65-1) at 10-11.)

9    "In the employment context, a claim for negligence requires the existence of a legal duty

10   of care by an employer to an employee, a breach of that claim, proximate causation of plaintiff's

11   damages, and damages."  Scott v. Solano County Health and Social Services Dept., 459

12   F.Supp.2d 959, 972 (E.D. Cal. 2006) (citing Federico v. Superior Court, 59 Cal.App.4th 1207,

13   1214 (1997)).

14   In her fourth amended complaint, plaintiff alleges that the defendants had a duty to protect

15   her from harassment and retaliation and failed to exercise "due care" to prevent that harassment

16   and retaliation.  (Fourth Am. Compl. (Dkt. No. 64) at 11.)  These allegations are vague, not

17

18   [7] Defendants' argument in support of the motion to dismiss relies largely on the argument that
     the allegations found in the fourth amended complaint with respect to retaliation are similar to the
19   allegations of plaintiff's third amended complaint that the assigned District Judge found did not
     support a retaliation claim.  (MTD (Dkt. No. 65-1) at 8-9.)  The undersigned has been called upon
20   to assess the sufficiency of the allegations of the plaintiff's fourth amended complaint.  Plaintiff is
     now proceeding pro se and, as noted above, in general pro se complaints are held to less stringent
21   standards than formal pleadings drafted by lawyers.  Haines, 404 U.S. at 520-2.

22   [8] As was the true with plaintiff's discrimination claims, plaintiff's retaliation claim cannot be
     brought against the individual defendants.  See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587
23   (9th Cir. 1993); Jones v. The Lodge at Torrey Pines P'ship, 42 Cal. 4th 1158, 1173 (Cal. 2008).

24
     [9] In her fourth amended complaint plaintiff makes repeated reference to a claim for "Intentional
25   Tort," despite the fact that no such claim is set forth therein.  (Fourth Am. Compl. (Dkt. No. 64)
     at 8, 11.)  Nonetheless, the undersigned has reviewed the fourth amended complaint and finds that
26   it fails to state a claim for the intentional infliction of emotional distress.  See Ankeny v.
     Lockheed Missiles and Space Co., 88 Cal.App.3d 531, 536 (1979) (Without pleading facts of
27   defendants' outrageous conduct, "no cause of action for intentional infliction of emotional
     distress will stand.").
28

1  specific and conclusory.  In this regard, the negligence allegations found in the fourth amended

2  complaint fail to identify any applicable dates, names, locations, incidents, etc., in support of

3  plaintiff's negligence claims.

4      Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

5  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

6  state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

7  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Here, the negligence allegations

8  of the fourth amended complaint are also vague and conclusory and fail to state a claim for

9  negligence.  Accordingly, defendants' motion to dismiss should be granted as to plaintiff's

10  negligence claim.

11  LEAVE TO AMEND

12      For the reasons explained above, defendants' motions to dismiss should be granted in part.

13  The undersigned has carefully considered whether plaintiff may further amend her complaint to

14  state additional claims upon which relief can be granted.  "Valid reasons for denying leave to

15  amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

16  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

17  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

18  while leave to amend shall be freely given, the court does not have to allow futile amendments).

19      Here, in light of plaintiff's repeated failure to successfully amend her complaint with

20  respect to the claims which the undersigned has found to be deficient, it will be recommended

21  that further leave to amend not be granted.

22  CONCLUSION

23      Accordingly, IT IS HEREBY RECOMMENDED that:

24      1. Defendants' June 28, 2013 Motion to Dismiss (Dkt. No. 65) be denied as to the fourth

25  amended complaint's claims of age-based discrimination and retaliation against defendant

26  Dignity Health;

27      2. Defendants' June 28, 2013 Motion to Dismiss (Dkt. No. 65) be granted as to the fourth

28  amended complaint's hostile work environment harassment and negligence claims against all

1   defendants and as to the claims of age-based discrimination and retaliation against the individual

2   defendants;

3        3.  That the individual defendants be dismissed from this action;

4        4.  That plaintiff not be granted further leave to amend; and

5        5.  That defendant Dignity Health be directed to file an answer to the surviving claims

6   alleged in the fourth amended complaint within 21 days of the date of any order adopting these

7   findings and recommendations.

8        These findings and recommendations are submitted to the United States District Judge

9   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10  after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13  shall be served and filed within seven days after service of the objections.  The parties are advised

14  that failure to file objections within the specified time may waive the right to appeal the District

15  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  Dated:  January 28, 2014

17

18        _____
          DALE A. DROZD
19        UNITED STATES MAGISTRATE JUDGE

20  DAD:6
    Ddad1\orders.pro se\petrash1520.mtd.f&rs.docx
21

22

23

24

25

26

27

28

                                    13